RECEIVED

FEB 2 5 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SHANON MAX TURNER, ET AL | : | DOCKET NO. 2:12-2812 |
| VS. | : | JUDGE TRIMBLE |
| CENTENNIAL WIRELESS, LLC, ET AL | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is "MTPCS, L.L.C. d/b/a Cellular One, as Manager of Central Louisiana Cellular L.L.C., Jermare Clinton, and Rebecca Richards' Motion for Summary Judgment" (R. #5) wherein the movers seek to dismiss the instant lawsuit pursuant to Rule 56 of the Federal Rules of Civil Procedure because there are no genuine issues of material fact and defendants are entitled to judgment as a matter of law. Plaintiffs oppose the motion. Because there are no genuine issues of material fact, and defendants are entitled to judgment as a matter of law, the instant lawsuit will be dismissed.

### FACTUAL STATEMENT

Plaintiffs are former employees (sales representatives) of Cellular One[1] in Leesville, Louisiana.[2] In this lawsuit, plaintiffs allege that they were sexually harassed based on an incident that took place on or about either February 18, 2011 or February 19, 2011. On this date, plaintiffs assert that while certain employees were discussing sales quotas for the month, a female sales associate,

---

[1] Formerly Centennial Wireless, LLC.

[2] Plaintiffs' Statement of Material Fact ¶ 1.

Jane Lewis,[3] cupped and massaged  her breasts in plaintiffs' presence and commented that "she would have to sell her tits and ass on the street corner to make sales for the month."[4] Lewis further commented, "Max you know you want to suck on my ta ta's and you know you would like some of my milk to go in to your mouth and that you would love the way they would feel if you would just suck on them."[5]

Plaintiff, Turner, reported the incident to the Human Resources Department which prompted an investigation.[6] The Human Resources Department ultimately determined that there was no merit to plaintiffs' sexual harassment claim.[7]   After the investigation, Cellular One notified the store's employees that sexually oriented jokes were nor permissible pursuant to company policies and should cease.[8] Plaintiff, Turner, was removed from his work station and placed in another section of the store.[9]

Turner alleges that he was informed by defendant, Jermare Clinton, (the store manager) that he was no longer in line for promotion to assistant store manager as promised.  Turner further alleges that he has lost in excess of fifteen pounds, suffers from sleep deprivation and has since left his

---

[3] Lewis resigned her position in July 2011 and denies the incident happened. Defendants' exhibit F, Affidavit of Jane Miller dated February 22, 2012.

[4] Id., ¶ 3.

[5] Id.

[6] Id., ¶ ¶ 4, 5, 6.

[7] Id.

[8] Defendant's exhibit C, Affidavit of Jean Murray dated June 27, 2012; Defendant's exhibit B, Affidavit of Jermare Clinton dated August 1, 2012; Defendant's exhibit A Affidavit of Rebecca Richards dated June 25, 2012.

[9] Id., ¶ 7.

2

employment with Cellular One.[10]  Plaintiff, Turner, resigned on December 17, 2011, and Plaintiff,

Langhorne, resigned on March 11, 2011.  Both plaintiffs allege they resigned from their employment

with Cellular One because of the harassment by Lewis. Plaintiffs assert a claim of hostile work

environment and seek general and punitive damages, attorney fees, court costs and legal interest.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories

and admissions on file, together with the affidavits, if any, when viewed in the light most favorable

to the non-moving party, indicate that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law."[11]  A fact is "material" if its existence or

nonexistence "might affect the outcome of the suit under governing law."[12]   A dispute about a

material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the

non-moving party.[13]  As to issues which the non-moving party has the burden of proof at trial, the

moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-

moving party's claim."[14]  Once the movant makes this showing, the burden shifts to the non-moving

party to set forth specific facts showing that there is a genuine issue for trial.[15]  The burden requires

more than mere allegations or denials of the adverse party's pleadings.  The non-moving party must

---

[10]  Id. ¶ 8.

[11]  Fed. R.Civ. P. 56(c).

[12]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[13]  Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[14]  Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[15]  Anderson, 477 U.S.  at 249.

3

demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[16] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[17] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[18]

## LAW AND ANALYSIS

Defendants assert that plaintiffs' claims of sexual harassment are untrue and that both Turner and Langhorne resigned for reasons unrelated to any incidents of alleged sexual harassment. Nevertheless, even assuming the allegations as true, Cellular One contends that plaintiffs' lawsuit should be dismissed on both procedural and substantive grounds.

*Procedural grounds*

Cellular One maintains that defendants, Jermare Clinton and Rebecca Richards must be dismissed because under both the Louisiana Employment Discrimination Law ("LEDL") and Title VII of the Civil Rights Act, a plaintiff may assert a claim only against his employer. Cellular One argues that plaintiffs have failed to assert facts to establish that these defendants were plaintiffs' employers. Thus, Cellular One maintains that Clinton and Richards must be dismissed.[19] Cellular One further maintains that under Title VII, because Clinton and Richards are not employers, all Title VII claims made against them must also be dismissed. Plaintiffs have failed to rebut this argument.

---

[16] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[17] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[18] Anderson, 477 U.S. at 249-50.

[19] Citing Langley v. Pinkerton's, Inc., 220 F.Supp.2d 575 (M.D. La.2002).

4

It is undisputed that defendants Clinton and Richard are employees of Cellular One and not employers, nor are they state actors. Accordingly, the court will dismiss these defendants with prejudice.

Cellular One also submits that plaintiff's claims against it must be dismissed because plaintiffs failed to comply with the notice requirements of the LEDL, specifically, Louisiana Revised Statute 23:303(C).[20] The jurisprudence reflects that a claim under the LEDL must be dismissed if the plaintiff fails to satisfy the notice requirements, unless a charge has been filed with the EEOC within the requisite time period.[21]

As noted by Cellular One, plaintiffs concede that they failed to file a charge of discrimination with the EEOC and also failed to comply with the notice requirements of the LEDL. Plaintiffs have failed to present any summary judgment evidence to establish a genuine issue of material fact for trial to prove that they in fact exhausted their administrative remedies with regards to the state law (LEDL) and federal law claims (Title VII). Accordingly, the claims made pursuant to the LEDL and Title VII will be dismissed.[22]

_____

[20] LSA-R.S. 23:303(C) provides:
A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.

[21] See Dunn v. Nextel South Corp., 207 F.Supp.2d 523, 524 (M.D.La.2002); Trahan v. Lowe's Inc., 2002 WL 1560272 at *5 (E.D. La. 2002); Lombardino v. Brentwood Health Management, L.L.C., 2005 WL 2600439 (W.D.La.2005); Simpson-Williams v. Andignac, 902 So.2d 385, 387-88 (La.App.4 Cir. 4/20/2005).

[22] Claims dismissed based on failure to exhaust administrative remedies are generally dismissed without prejudice. However, for reasons set forth below, the court will dismiss these claims with prejudice.

*Substantive grounds*

Cellular One maintains that plaintiffs' LEDL claims and Title VII claims must be dismissed with prejudice because plaintiffs cannot prove all of the elements of a hostile work environment claim. Cellular One notes that Louisiana's anti-discrimination law (LSA-R.S. 23:332) is identical in scope to the federal statute prohibiting sexual discrimination found in Title VII.

Plaintiffs argue that the facts in the complaint suggest claims other than sexual harassment such as a violation under the Louisiana Whistleblower Protection Act[23] which does not require the exhaustion of administrative remedies. In the alternative, plaintiffs suggest that it is plausible that the allegations support theories based upon violations of the Louisiana Prohibited Discrimination Act ("LPDA") which also does not require exhaustion of administrative remedies.[24] Plaintiffs also assert that the complaint contains allegations to support a quasi-delictual action such as intentional infliction of emotional distress or failure to promote which does not require exhaustion of administrative remedies. In their opposition to the motion for summary judgment, plaintiffs inform the court that they are also pursuing an action under 42 U.S.C. § 1983.

*§ 1983 grounds*

Cellular One maintains that any § 1983 claims must be dismissed because plaintiffs' complaint fails to assert an equal protection claim and because the defendant is not a person acting under color of state law. The court agrees that Cellular One is not a state actor. Therefore, any § 1983 claims will be dismissed with prejudice.

*State law claim under LPDA and hostile work environment under Title VII*

---

[23] LSA-R.S. art. 23:967.

[24] LSA-R.S. art. 12:332.

6

Cellular One maintains that to the extent the complaint alleges sufficient facts to assert a claim under the LPDA, this claim should be dismissed because plaintiffs' complaint fails to prove the elements of a sexual harassment claim.  The plaintiff has the burden of proving that the harassment was not only severe or pervasive, but also that it was based on the plaintiff's sex and that it altered the terms and conditions of the plaintiff's employment.[25]  If the allegations of harassment are not sufficiently severe or pervasive or are not based on sex, then the employer is not liable for the supervisor's conduct.[26]  To prevail in a hostile environment harassment claim, plaintiffs must assert and prove that: (1) they belonged to a protected group; (2) they were subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the sexual harassment and failed to take proper remedial action.[27]  Hostile environment harassment is characterized by multiple and varied incidents of offensive conduct which have the cumulative effect of creating a hostile working environment for the employee thus victimized.[28]

Because Louisiana Revised Statute 23:332 mirrors federal law, Louisiana courts routinely look to federal jurisprudence interpreting Title VII claims for guidance.[29]  Cellular One maintains that it has presented undisputed evidence that (1) plaintiffs suffered no unwelcome harassment, (2)

---

[25] *Casiano,* 213 F.2d at 284.

[26] *Id.*

[27]  Lee v. Delta Air Lines, Inc., 778 so.2d 1169 (La.App. 5 Cir. 2001);

[28]  Craven v. Universal Life Ins. Co., 670 So.2d 1358, 1362 (La.App. 3 Cir. 3/6/96).

[29]  St.,Romain v. State, through the Dept. Of Wildlife and Fisheries, 863 So.2d 577, 586, writ denied, 871 So.2d 348(La.3/26/04).

the alleged harassment did not affect a term, condition, or privilege of employment, and (3) Cellular One took the proper remedial action.

Harassment is only illegal when it is so frequent or severe that it creates a hostile or offensive work environment or when it results in an adverse employment decision. A discriminatory hostile workplace is one "permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of a victim's employment and create an abusive working environment.'"[30] Cellular One argues that plaintiffs have failed to allege facts to prove that they were recipients of "unwelcome" sexual harassment or that the alleged harassment was severe or pervasive to the extent it affected a term, condition, or privilege of their employment; or that Cellular One knew or should have known of the alleged harassment and yet failed to take prompt and effective remedial action.

For conduct to be actionable, it must be extreme. "Every act of harassment, although reprehensible, does not necessarily give rise to a hostile work-environment claim."[31] The Supreme Court has instructed that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions' of employment."[32]

The court must look at the totality of the circumstances and consider the following factors to determine whether an environment is objectively hostile or abusive: (1) the frequency of the alleged discriminatory conduct; (2) its severity; (3) whether it is physically threatening or

---

[30] Harris v. Forklift Systems, Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 370 (1993).

[31] Brown v. Vaughn, 589 So.2d 63, 65 (La.App. 1 Cir. 1991).

[32] Faragher v. City of Boca Raton, 524 U.S. 775, 118 S.Ct. 2275 (1998).

8

humiliating, or is a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's work performance.[33] Considering the single incident involving Lewis, Turner and Langhorne, the court does not find that the alleged incident was so extreme to rise to the level of a hostile work environment claim. Furthermore, plaintiffs have failed to create a genuine issue of material fact to show that the alleged incident affected a term, condition or privilege of their employment.

Cellular One further argues that even if plaintiffs could show unlawful harassment, they cannot prove that the company knew or should have known of the alleged harassment and failed to take prompt remedial action.[34] Cellular One relies on the Ellerth/Faragher affirmative defense.[35]

Plaintiffs admit that they had been made aware of Cellular One's policies concerning anti-discrimination and the reporting of improper conduct. Langhorne admitted that he did not report the alleged harassing behavior.

The undisputed facts reveal that when Turner informed Clinton on February 28, 2011 of the alleged incident involving Lewis, he then reported it to the Area Director, Rebecca Richards. A report was made to Cellular One's Human Resources Department on that same day and an investigation commenced on the next day–March 1, 2011 and Cellular One immediately took appropriate action. Specifically, after the investigation, management notified store employees that inappropriate comments and "jokes" would not be permitted pursuant to company policies, after

---

[33] Harris, 510 U.S. at 23.

[34] Chaney v. Home Depot, USA, Inc. 940 So.2d 18, 24-25 (La.App. 4 Cir. 2006)

[35] Faragher v. City of Boca Raton, 524 U.S. 775, 118 S.Ct. 2275 (1998).

which the employees ceased participating in the "joke."[36] Plaintiffs have failed to submit summary judgment evidence to dispute this.  Accordingly, the court finds that even if plaintiff could establish a showing of sexual harassment, Cellular One is entitled to summary judgment as a matter of law because it is undisputed that once Cellular One was made aware of the alleged incident, it took immediate and appropriate action.  Accordingly, the court will dismiss with prejudice all claims of hostile work environment pursuant to both Title VII and LPDA.

*State law claim under LWPA*

Cellular One maintains that plaintiffs have failed to set forth evidence that any defendant retaliated against them in violation of the Louisiana Whistleblower Protection Act.  Under this Act, "an employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law: 'discloses or threatens to disclose a workplace act of practice that is in violation of state law.'"[37] A claim analyzed under the Louisiana Whistleblower statute is the same as that applied to a Title VII retaliation case.  Plaintiff must show "(1) that he engaged in an activity protected by Title VII, (2) that an adverse employment action occurred and (3) that a causal link existed between the protected activity and the adverse action."[38]

Cellular One maintains that after the alleged harassment was reported,  it did not change the terms and conditions of plaintiffs' employment. Cellular One submits that both plaintiffs resigned for reasons unrelated to the alleged sexual harassment. Langhorne admitted in his deposition that he

---

[36] During the investigation, it was learned that the employees, including plaintiffs would ask the question "Are you hungry" and such question was intended to have a sexual connotation.

[37] LSA-R.S. 23:967 (A).

[38]  Washburn v. Harvey, 504 F.3d 505, 510 (5th Cir. 2007).

did not report the alleged incident to his employer.[39] Cellular One submits an email to Richards dated March 11, 2011 wherein Langhorne tendered his resignation with the company because of "backstabbing" and due to personal issues with his wife.[40] Nothing in the emailed resignation hints to sexual harassment as Langhorne's reason for voluntarily resigning from his job.

As to Turner, the alleged incident took place on or about February 18, 2011[41] and was reported some ten days later after Lewis and Turner had a confrontational meeting regarding sales information. Turner did not voluntarily resign until ten months after the incident and four months after filing suit.[42] Even though Turner complains that he was moved to a different location in the store, Cellular One has presented summary judgment evidence regarding sales information which show that Turner's sales remained fairly consistent during this period, and he continued to win sales awards, significant commissions, trips, sporting equipment and gift cards.[43] In his deposition, Turner admitted that his resignation was unrelated to the sexual harassment litigation. [44]Turner has presented no summary judgment evidence to dispute this.

Considering the undisputed facts, the court finds that Turner has failed to establish a *prima*

---

[39] Defendants' exhibit J Langhorne depo. pp. 64, 15.

[40] Defendants' exhibit J, Ex. D & attached to Langhorne depo.

[41] The complaint alleges that the incident took place on February 19,2011 and that Turner reported the incident the following day. Cellular One has submitted summary judgment evidence which reveals that Turner reported the incident on February 28, 2011 after a meeting between store management, Turner and Lewis concerning an argument between Lewis and Turner about store policy involving reporting certain sales information.

[42] Defendants' exhibit I, Turner depo. pp. 31-33.

[43] Id., depo. p. 47.

[44] Defendants' exhibit I, Turner depo., p. 32.

11

*facie* case of retaliation under the LWPA. There have been no facts to show that Cellular Once took any action against Turner as a result of a protected activity; in other words, there are no facts which suggest that Cellular One changed the terms and/or conditions of Turner's employment after the alleged harassment was reported. Accordingly, the court will dismiss plaintiffs' claims of retaliation under the Louisiana Whistleblower Protection Act

*State law tort claims*

Plaintiffs allege in their memorandum in opposition that it is plausible that the petition alleges claims in "quasi-delict" or intentional infliction of emotion distress or failure to promote. The court agrees with Cellular One that no facts have been presented to support allegations of intentional or negligent conduct by Cellular One.  Furthermore, no facts have been presented to show that any of defendants' acts were extreme or outrageous.[45]  Accordingly, plaintiffs' claims in tort to the extent they have been alleged in the complaint will be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted, dismissing with prejudice all of plaintiffs' claims at plaintiffs' costs.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this *15* day of February, 2013.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[45]  See White v. Monsanto Co., 585 So.2d 1205, 1209 (La.1991).

12